1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ASM INVESTMENT LLC,                    Case No.  15-cv-03134-MEJ

              Plaintiff,
8                                           **ORDER FOR CLERK OF COURT TO
                                            REASSIGN CASE**
9         v.

10   FRANCISCO ESPARAZA,                     **REPORT & RECOMMENDATION**

              Defendant.
11

12

13                                 **INTRODUCTION**

14        On July 7, 2015, Defendant Francisco Esparaza removed this unlawful detainer action

15   from Contra Costa County Superior Court.  However, as it appears that jurisdiction is lacking, this

16   case should be remanded to state court.  As Defendant did not yet consent to magistrate judge

17   jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the

18   recommendation that the case be remanded to Contra Costa County Superior Court.

19                                 **LEGAL STANDARD**

20        Subject matter jurisdiction is fundamental and cannot be waived.  *Billingsly v. C.I.R.*, 868

21   F.2d 1081, 1085 (9th Cir. 1989).  Federal courts can adjudicate only those cases which the

22   Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship

23   or a federal question, or those to which the United States is a party.  *Kokkonen v. Guardian Life*

24   *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel. United States v.*

25   *FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims

26   for which they lack subject-matter jurisdiction).

27        Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

28   district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, the removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. *Toumajian v. Frailey*, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

**DISCUSSION**

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

Further, even if Defendant alleged diversity jurisdiction, Plaintiff brought this action in California, as the property at issue is located in the state. Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse. 28 U.S.C. § 1441(b); *Homesales, Inc. v. Amora,* 2012 WL 2061923, at * 1 (N.D. Cal. June 5, 2012) (citing 28

United States District Court
Northern District of California

2

U.S.C. § 1441(b)(2) (stating that a civil action "removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)) (granting plaintiff's motion to remand unlawful detainer case removed by defendants because, inter alia, defendants were California citizens and action had originally been brought in California state court).

Moreover, the amount in controversy requirement does not appear to be met because the damages claim in this case is under $10,000.  In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy, and, pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the "whole amount of damages claimed" must be "twenty-five thousand dollars ($25,000) or less."  Cal. Civ. Pro. § 86(a)(4).  Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions only where the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Thus, even where an unlawful detainer action involves foreclosure on a mortgage that exceeds $75,000, the amount of the mortgage does not satisfy the amount in controversy requirement.  *Deutsche Bank Nat'l Trust v. Heredia*, 2012 WL 4747157, at *2 (N.D. Cal. Oct. 3, 2012) (holding, inter alia, that the amount in controversy requirement was not met even where the mortgage was valued at over $75,000 as per Deed of Trust).

Finally, an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction.  *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994).  "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint."  *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").  Thus, any anticipated defense, such as a claim under the Protecting Tenants at Foreclosure Act,

United States District Court
Northern District of California

Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), is not a valid ground for removal.  *See e.g.*
*Aurora Loan Serv., LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); *SD*
*Coastline LP v. Buck*, 2010 WL 4809661, at *2-3 (S.D. Cal. Nov.19, 2010); *Wescom*, 2010 WL
4916578, at 2–3; *Aurora Loan Serv., LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D. Cal.
March 29, 2010).

### CONCLUSION

As jurisdiction appears to be lacking, the hereby **RECOMMENDS** that this case be
remanded to Conta Costa County Superior Court.  The Clerk of Court shall reassign this case to a
district court judge.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to
this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: July 9, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASM INVESTMENT LLC,

          Plaintiff,

    v.

FRANCISCO ESPARAZA,

          Defendant.

Case No.  15-cv-03134-MEJ

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on July 9, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco  Esparaza
220 3rd Street
Oakley, CA 94561

Dated: July 9, 2015

Richard W. Wieking
Clerk, United States District Court

_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES